Weldon, J.,
delivered the opinion of the court:
The claimant on the 17th day of November, 1897, filed a petition alleging its cause of action in substance as follows:
“ The claimant is and for more than one year last past has been a corporation organized under the laws of the State of Missouri and engaged in the business of brewing fermented liquors at the city of St. Louis, in the said State of Missouri, being within the first collection district of internal revenue of the United States in and for said State.
“On the 22d day of July, in the year 1897, the claimant requested and demanded of the collector of internal revenue within and for said district at his office at said city of St. Louis in said district and State, internal-revenue stamps of the face value of twenty-five thousand dollars ($25,000), and at the same* time tendered in payment for the same a certified check for the sum of twenty-three thousand one hundred and twenty-five dollars ($23,125), being the amount of the face value of said stamps less the deduction of seven and one-half per cen-tum allowed by section 3341 of the Bevised Statutes of the United States. Such payment by cheek was in accordance with the usual course of business between the claimant and the office of the collector of internal revenue, at whose office a statement in substance as follows was made:
“1 We are temporarily out of stamps. Leave your check and application and we will notify you when to call for the stamps.’
*350 “Said application and check were retained on file by said collector until tbe 30th day of July, 1897, when the same were returned to the claimant with the statement that, owing to the modification of section 3341 of the Bevised Statutes by the terms of section 9 of the act of July 24, 1897, the stamps could be for their full face value in cash.”
“ The claimant has since the enactment of said act procured the stamps ordered by it, as aforesaid, on the 22d day of July, 1897, but has been compelled to pay and has paid for the same the full face value of twenty-five thousand dollars ($25,000) in States.
“The claimant therefore claims the difference between the full face value of the stamps so ordered on the 22d day of July, 1897, and the value of the same less the deduction of the seven and one-half per centum allowed by law on the date of the order, amounting' to one thousand eight hundred and seventy-five dollars ($1,875).”
The defendants filed a general demurrer, thereby admitting the truth of the several allegations, but denying their legal sufficiency to maintain the alleged cause of action.
The substance of the allegations of the petition is, that the claimant bought from the defendants on the 22d day of July, 1897, internal-revenue stamps of the face value of $25,000 for the sum of $23,125, paying therefor the sum of $23,125 in a certified check of equal value; but in consequence of the agent of the defendants “being temporarily out of stamps,” the stamps were not delivered contemporaneously with the delivery of the check; that the agent of the defendants refused and failed to deliver the stamps to the claimant for said price; but on the contrary, on the 30th of July, 1897, the ■ agent returned the draft, refused to deliver the stamps, and the claimant, in consequence of such refusal and failure, was compelled to pay $25,000 for $25,000 in stamps, thereby losing the sum of $1,875.
It is maintained by counsel for claimant that section 3341 of the Bevised Statutes is an offer to sell stamps at the rate fixed by it; that the tender of the price was not only an acceptance of that offer, but completed the sale; that the claimant has a right of action either for a failure to carry out the offer to sell when accepted, or for the failure to deliver the same actually purchased, and that no subsequent act of Congress has attempted to abrogate the contract thus created, or to divest the right acquired by the acceptance of the offer or by the sale.
The counsel for the defendants insists that a check is not a good tender so far as the United States are concerned for the *351 payment of internal-revenue tax or other public dues, even though the collector accepted it; revenue stamps are not a commodity which maybe sold and purchased; that they are merely evidence that the tax has been paid, and if the claimant had procured the stamps on the 22d of July and used them after the 24th it would have been responsible to the defendants for the V¿ per cent deducted on the 22d of July.
Section 3341 of the Revised Statutes provides for the sale of stamps to brewers by the collectors of internal revenue, and upon such sales the brewer is entitled to a deduction of per cent of the face value of such stamps. In the act of July 24, 1897, the provision of the statute which allowed a reduction was omitted; so that under that- law the brewer is compelled to pay the full face value of the stamps.
The purchase of stamps by a brewer does not technically pay the tax on his production. The tax is paid when he attaches the stamp to the barrels for the purpose of putting the product on the market; and in the purchase of stamps the brewer simply avails himself of the means and facility of paying the tax when he puts the taxed article on the market and cancels the stamps.
The statute, section 3341, provides, “And the Commissioner of Internal Revenue shall allow upon all sales of such stamps to any brewer and used by him in his business a deduction of seven and one half per cent.” The right to a deduction does not become consummate by the mere act of purchase, but is dependent upon the further condition of being used by the brewer..
In the case of the American Tobacco Co. v. United States (32 C. Cls. R., 220) it is said, in substance, that stamps are not sold in the payment, but for the purpose of being used when a tax becomes payable by a certain condition of a commodity.
The ease was affirmed by the Supreme Court on substantially the same ground upon which it was decided in this court. (166 U. S. R., 468.)
If for any cause enumerated in section 3426, Revised Statutes, stamps are returned to the Commissioner of Internal Revenue in fixing the amount of redemption, the Commissioner is required to deduct the per cent allowed as discount to the purchaser and pay only the amount for which the stamps were sold.
Although the law uses the word “sale” as applicable to the delivery and transfer of stamps, they do not thereby become a *352 commodity of merchandise in the market, but simply a means by which a tax may be paid when the manufacturer desires to transfer his product into the market for the purpose of sale and consumption.
The averments of the petition are hot equivalent to the allegation of a completed and consummate sale of stamps. The words are, “We are temporarily out of stamps. Leave your check and application and we will notify you when to call for the stamps.” The transaction between the collector and the company took place on the 22d of July, 1897, and in two days thereafter the act of July 24,1897, became a law, omitting the right of discount from the face value of the stamps, and on the 30th of July, 1897, the check was returned to the claimant for the reason that section 3341 had been modified by the ninth section of the last-named act.
The agency of the collector in the sale of stamps was a limited agency, circumscribed by the law in force at the time. This court has held, in substance, that persons dealing with the Government are chargeable with notice of all statutory limitations placed on the powers of public officers, and if the officer has no discretion the party dealing with him is bound by the limitation of his power as defined and circumscribed by law. {Thompson v. The United States, 9 C. Cls. R., 187.)
The transaction in law did not amount to an executed sale, for the reason that no payment was made to the agent of the defendants in exchange for the consideration of the sale. The collector received the check of the claimant instead of legal-tender money of the United States. He was not authorized by the terms of his employment to receive in exchange for stamps anything but such money as had the legal qualification to purchase stamps. “A Government contract must be construed in accordance with such provision of the law as may exist, and if it transcends the law the officer who made it must be held to have transcended his authority.” (Wilder’s Case, C. Cls. R., 528.)
In the case of Miltenberger v. Cooke (18 Wall., 421) the question of a check taken by the collector in the payment of cotton tax became the subject of judicial discussion. In the transaction from which the litigation originated, the collector received checks in payment of tax because of the danger of receiving the tax in the ordinary way. The court say in substance, that though in violation of the provisions of the inde *353 pendent treasury act, the Government not having repudiated his act, nor called on the shipper to pay, but upon the contrary leaving the account of the collector open to see if he could not himself get the amount from the acceptor of the drafts, and the collector, having charged himself with the amount of the drafts, does not taint the transaction with illegality so that the collector can not recover on them. The legal effect of that decision is, that the collector, in accepting the drafts in payment of tax, acted without authority of law, and the payment of the tax by drafts was at the risk of the collector, and did not bind the United States.
The transaction, in this proceeding, being based upon an acceptance by the collector of a draft, did not bind the defendants as consummating a sale of the stamps. But a much stronger view of the law may be cited against the right of the claimant to recover. The statute authorizes the collector to sell revenue stamps, and the right to sell presupposes possession of the stamps, so that there may be a delivery to the purchaser at the time of the sale.
It is made the duty of the collector by section 3341, Revised Statutes, to keep on hand at all times a sufficient supply of permits and a supply of stamps equal in amount to two months’ sales thereof. The law contemplated the possession of stamps at the time of the sale, and does not permit transactions involving the sale of stamps for future delivery. The collector is authorized by law to sell stamps which may be on hand at the time of sale, but it does not permit the making of execu-tory contracts for a future delivery. His agency in the sale of stamps was limited by law to a sale of the stock on hand, and did not confer the right to sell for future delivery. The law makes it the duty of the Commissioner of Internal Revenue to prepare suitable stamps and furnish the same to the collector in such quantities as the need of the trade demands. The collector gets his supply from the Commissioner, and his agency attaches to such stamps as he receives from the Commissioner, and beyond that he has no power to bind the defendants in the sale of stamps.
We have carefully considered the brief and oral argument of the counsel for the claimant and the cases cited by him to sustain the cause of action as developed by the averments of the petition, but we are unable to regard the allegations of the petition as sufficient to constitute a cause of action. The trans *354 action upon which tbe suit is founded being deficient in tbe legal elements of a cause of action, it is incapable of being-aided by averment. We therefore sustain tbe demurrer without leave to amend.